

**CV 14 - 4696**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
GARRY REY,

                              Plaintiff,                             **COMPLAINT**

         -against-        **AZRACK, M.J.**       JURY TRIAL
                                                                                                    DEMANDED
THE CITY OF NEW YORK and CORRECTIONS OFFICERS
"JOHN DOE" 1-7, Individually and in their Official Capacities, the
names "JOHN DOE" being fictitious as the true names are not
presently known,

                              Defendants.
-----------------------------------------------------------------------

        Plaintiff, GARRY REY, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, GARRY REY, is, and has been, at all relevant times, a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Corrections Department, a duly authorized public authority and/or corrections department, authorized to perform all functions of a corrections department as per the applicable sections of New York Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about June 8, 2013, at approximately 9:30 a.m., plaintiff GARRY REY, was lawfully present in his cell at Riker's Island in Queens County in the State of New York.

14. At that time and place, the defendant officers approached plaintiff, and ordered him out of his cell.

15. One of the defendant officers referred to plaintiff's cell as cell 7.

16. Plaintiff corrected the officer, noting that his cell was cell 17.

17. The defendant officer responded by asking plaintiff if he "wanted to be smart" and ordering him to put his hands up.

18. The defendant officer then punched plaintiff in the face, causing him to fall backwards into his cell.

19. Plaintiff was then punched, kicked, and otherwise beaten, about the face, legs, arms, wrists, ribs, and genitals.

20. At no time on June 8, 2013 did plaintiff present any threat of physical force to the defendant officers or any other individual or property.

21. The force employed by the defendants was objectively unreasonable and was not privileged in any way.

22. Despite his many requests for medical attention, plaintiff was placed back in his cell and was not permitted to seek the medical attention he needed.

23. As a result of the foregoing, plaintiff GARRY REY sustained, *inter alia*, physical injury, including but not limited to a fractured rib and a back injury necessitating use of a cane to the present day, along with mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

24. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff, GARRY REY, of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

30. The force utilized by the defendants against the plaintiff was objectively unreasonable given the facts and circumstances then and there prevailing.

31. Defendants' conduct was wanton, malicious, sadistic, and counter to contemporary standards of decency.

32. As a result of the foregoing, plaintiff suffered serious physical injury, serious emotional injury, shock, fright, and he was put in fear for his safety, all without constitutional justification.

## SECOND CLAIM FOR RELIEF
## FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

33. Plaintiff, GARRY REY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. Defendants failed to provide plaintiff with timely medical attention despite their knowledge that he was suffering from a serious medical condition.

35. Defendants actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

36. As a result of the foregoing, plaintiff, GARRY REY, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

37. Plaintiff, GARRY REY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

38. Defendants failed to intercede to prevent or mitigate the injuries suffered by plaintiff as described above.

39. Defendant officers were presented with a realistic opportunity to prevent and/or mitigate the constitutional violations suffered by plaintiff as described above.

40. As a result of the foregoing, plaintiff, GARRY REY, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

41. Plaintiff, GARRY REY, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

42. Defendants committed the above described acts despite their knowledge that such would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

43. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers and officials, with all the actual and/or apparent authority attendant thereto.

44. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New

York City Department of Corrections, all under the supervision of ranking officers of said department.

45. Those customs, policies, patterns, and practices include, but are not limited to:

   i. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   ii. failing to properly train corrections officers in the requirements of the United States Constitution.

46. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections directly cause, *inter alia*, the following unconstitutional practices:

   i. engaging in physical confrontations with inmates in violation of the Eighth Amendment of the United States Constitution;

   iii. falsifying evidence and testimony to support that conduct;

   iv. falsifying evidence and testimony to cover up that conduct.

47. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, GARRY REY.

48. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

49. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

50. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections, plaintiff suffered serious physical injury.

51. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

52. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate corrections officers, and were directly responsible for the violation of plaintiff's constitutional rights.

53. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights..

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

   i. an order awarding compensatory damages in an amount to be determined at trial;

   ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 6, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020