FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 03 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARRY REY,

                       Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                       Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-CV-4696 (SLT)(VVP)

**TOWNES, United States District Judge:**

Presently before the Court is Magistrate Judge Viktor V. Pohorelsky's Report and Recommendation ("R&R") recommending that this Court dismiss Plaintiff's claims for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 16.) For the reasons set forth below, the Court adopts the R&R.

## BACKGROUND

Plaintiff Garry Rey, acting through counsel, filed this action in August 2014 alleging causes of action pursuant to 42 U.S.C. § 1983. After filing the Complaint and conducting some discovery, Plaintiff and his counsel began to disagree about the handling of Plaintiff's case. Plaintiff's counsel advised the Court on March 27, 2015, of his intention to move to withdraw. (ECF No. 12.) The Court instructed Plaintiff's counsel to set April 30, 2015, as the hearing date in the Notice of Motion and to include instructions for Plaintiff to appear personally or face dismissal of his claims. (*Id.*) The Court further instructed Plaintiff's counsel to make reasonable efforts to contact the Plaintiff by telephone and e-mail to notify him of his obligation to attend the hearing. (*Id.*) Plaintiff and counsel met on two separate occasions to discuss their differences before the April 30 hearing. (ECF No. 16.) During these meetings, counsel advised

Plaintiff of the hearing and his obligation to appear or face dismissal. (*Id.*) Despite these warnings, Plaintiff did not appear at the April 30, 2015 hearing. (ECF No. 17.)

Following Plaintiff's non-appearance, Judge Pohorelsky issued the instant R&R recommending that this Court dismiss Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Neither party has filed objections and the time in which to do so has passed.

## DISCUSSION

A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Even when no objections are filed, however, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG)(AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007).

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) gives district courts "authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)). The Second Circuit has identified factors a district court must consider before dismissal for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Id.* (citation and internal quotation marks omitted). Consideration of these factors clearly supports Judge Pohorelsky's recommendation that Plaintiff's case be dismissed without prejudice.

First, Plaintiff has failed to take any action in this case for over three months. Second, Plaintiff has received adequate notice that his failure to prosecute would result in dismissal: in addition to the warning contained in the Notice of Motion, Plaintiff's counsel personally warned Plaintiff on two separate occasions prior to the April 30 hearing. Third, the Court notes that "prejudice to defendants resulting from unreasonable delay may be presumed." *Id.* at 210 (citation and internal quotation marks omitted). Although this factor favors dismissal, it does so only slightly. The Fourth factor is neutral, as "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome." *Id.* Fifth, no lesser sanction could adequately address Plaintiff's failure to prosecute, as Plaintiff appears to have simply abandoned his case. On balance, these factors weigh in favor of dismissal.

## CONCLUSION

For the reasons stated above, Magistrate Judge Pohorelsky's R&R recommending that this Court dismiss without prejudice Plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), is adopted in its entirety, and this case is dismissed.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: September 1, 2015
Brooklyn, New York